**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| **BARBARA STIEFERMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ROBERT JAMES & ASSOCIATES** | ) |
| **ASSET MANAGEMENT, INC. d/b/a** | ) |
| **ROBERT JAMES & ASSOCIATES,** | ) |
| | ) |
| **Defendant.** | ) |

### COMPLAINT

NOW COMES the Plaintiff, BARBARA STIEFERMAN, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT, INC. d/b/a ROBERT JAMES & ASSOCIATES, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      BARBARA STIEFERMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Jefferson City, County of Cole, State of Missouri.

1

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cash Net.

6. The debt that Plaintiff allegedly owed Cash Net was for a pay day loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ROBERT JAMES & ASSOCIATES ASSET MANAGEMENT, INC. d/b/a ROBERT JAMES & ASSOCIATES, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri. Defendant is incorporated in the State of New York.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

# IV.  ALLEGATIONS

14.    In 2008, Plaintiff paid in full the debt on which Defendant was attempting to collect.

15.    Subsequent to 2008, Plaintiff no longer owed the debt on which Defendant was attempting to collect.

16.    Subsequent to 2008, Plaintiff had no legal obligation to make a payment to Defendant relative to the debt on which Defendant was attempting to collect.

17.    On or about August 9, 2011, Defendant initiated a telephone call to Plaintiff at her place of employment and left Plaintiff a voicemail message.

18.    The aforesaid voicemail message left for Plaintiff was Defendant's initial communication with Plaintiff.

19.    During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff relative to a legal matter.

20.    During the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff relative to Plaintiff's social security number.

21.    During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated that she was calling from Robert James and Associates.

22.    Defendant then provided Plaintiff with a putative case number.

23.    At no time during the course of the aforesaid voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

24.    Defendant's statements, as delineated above, in conjunction with the fact that Defendant's duly authorized representative stated that she was calling from "Robert James and

3

Associates" had the effect of conveying to an unsophisticated consumer that Defendant was a law firm.

25.     Defendant is not a law firm.

26.     Defendant's statements, as delineated above, in conjunction with the fact that Defendant's duly authorized representative stated that she was calling from "Robert James and Associates" had the effect of conveying to an unsophisticated consumer that Defendant's duly authorized representative who left the aforesaid voicemail message was an attorney.

27.     At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative advise Plaintiff that she was not an attorney.

28.     Upon information and belief, the individual that made the statements on behalf of Defendant, as delineated above, is not an attorney.

29.     Defendant's representations that it was calling in relation to a legal matter were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations Defendant had neither the power nor legal authority to file a lawsuit against Plaintiff.

30.     Defendant's representations that it was calling in relation to a legal matter were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff relative to the debt on which it was attempting to collect.

31.     Defendant's representations that it was calling in relation to a legal matter misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff relative to the debt on which it was attempting to collect.

4

32.     On or about that same day, Defendant initiated another telephone call to Plaintiff at her place of employment.

33.     During the course of the aforesaid telephone call, Defendant's duly authorized representative informed Plaintiff that she was calling from Attorney Robert James and Associates' Office and that she had been hired to collect a debt Plaintiff owed to Cash Net.

34.     Defendant's duly authorized representative's statement that she was calling from an attorney's office was false, deceptive and/or misleading given that Defendant is not a law firm.

35.     Upon information and belief, Robert James is not a duly licensed attorney in the State of New York.

36.     Upon information and belief, Robert James is not a duly licensed attorney in the State of Missouri.

37.     Defendant's duly authorized representative's statement that she was calling from Attorney Robert James' office was false, deceptive and/or misleading given that Robert James, a duly authorized representative of Defendant, is not an attorney.

38.     Defendant informed Plaintiff that she owed $848.90 relative to a payday loan she had taken out in 2008.

39.     Defendant further informed Plaintiff that if she did not pay Defendant relative to the debt then it would file a lawsuit against Plaintiff.

40.     Plaintiff then asked Defendant for its address and fax number.

41.     Defendant informed Plaintiff that it could not provide her with that information.

42.     Defendant refused to provide Plaintiff with its contact information.

5

43. At no time during the telephone call did Defendant provide Plaintiff with its address or fax number.

44. Defendant only provided Plaintiff with its telephone number and informed Plaintiff that it would need to hear back from Plaintiff as soon as possible.

45. At no time during the course of the aforesaid telephone conversation did Defendant's duly authorized representative inform Plaintiff that she was not an attorney.

46. Defendant's representations, as delineated above, in conjunction with the fact that Defendant's duly authorized representative stated that she was calling from an Attorneys' office had the effect of conveying to an unsophisticated consumer that the individual who engaged in the aforesaid telephone conversation with Plaintiff was an attorney.

47. Upon information and belief, the individual that engaged in the aforesaid telephone conversation with Plaintiff was not an attorney.

48. Defendant's representations during the aforesaid telephone conversation that Plaintiff owed a debt were false, deceptive and/or misleading given that the debt on which it was attempting to collect had been paid in full in 2008.

49. Defendant's representation that Plaintiff owed a debt misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that the debt had been paid in full in 2008.

50. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

51. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

52. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

6

53.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

54.     Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because the debt on which Defendant was attempting to collect had been paid in full.

55.     Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Missouri.

56.     On or about August 9, 2011, within thirty (30) days of Defendant's initial communication with Plaintiff, Plaintiff sent Defendant a correspondence.

57.     On or about August 12, 2011, Defendant received the aforesaid correspondence.

58.     In the aforesaid correspondence, Plaintiff informed Defendant that she no longer wanted Defendant to contact Plaintiff at her place of employment.

59.     Plaintiff further informed Defendant that her employer prohibited her from receiving personal communications while at her place of employment, such as receiving contacts from Defendant.

60.     Plaintiff also requested that Defendant provide her with documentation to validate the debt on which it was attempting to collect.

61.     To date, Defendant has not provided Plaintiff with documentation to validate the debt on which it was attempting to collect.

62.     Notwithstanding that Defendant received Plaintiff's correspondence requesting that it  provide her with documentation to validate the debt on which it was attempting to collect, and despite Defendant not having provided the requested documentation to Plaintiff, in August

7

2011, subsequent to August 12, 2011, Defendant initiated multiple telephone calls to Plaintiff at her place of employment in a further attempt to collect the debt she allegedly owed.

63.     Notwithstanding that Defendant received Plaintiff's correspondence advising Defendant that she could not be contacted at her place of employment, in August 2011, subsequent to August 12, 2011, Defendant initiated multiple telephone calls to Plaintiff at her place of employment.

64.     In August 2011, subsequent to August 12, 2011, Plaintiff reiterated to Defendant not to contact her at her place of employment.

65.     Notwithstanding Plaintiff's repeated requests to Defendant that Defendant cease contacting her at her place of employment, in August 2011, subsequent to August 12, 2011, Defendant continued to contact Plaintiff at her place of employment.

66.     On or about August 18, 2011, Defendant sent a facsimile to Plaintiff's place of employment.

67.     Defendant knew or reasonably could anticipate that person(s) other than Plaintiff may receive facsimiles at Plaintiff's place of employment.

68.     Plaintiff did not consent to Defendant communicating with third-parties.

69.     Third-parties at Plaintiff's place of employment received the aforesaid facsimile.

70.     Third-parties at Plaintiff's place of employment read the aforesaid facsimile.

71.     In the aforesaid facsimile, Defendant disclosed its identity without being asked to do so.

72.     In the aforesaid facsimile, Defendant sent a Verification of Employment document relative to Plaintiff.

8

73.     The aforesaid facsimile had the effect of conveying to an unsophisticated consumer that Defendant was attempting to verify Plaintiff's employment so that it could garnish Plaintiff's wages.

74.     The aforesaid facsimile had the effect of conveying to an unsophisticated consumer that because Defendant was able to garnish Plaintiff's wages that Defendant had obtained a judgment against Plaintiff and that Plaintiff owed Defendant money.

75.     Defendant has not obtained a judgment against Plaintiff.

76.     Defendant has no legal right or authority to garnish Plaintiff's wages.

77.     At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

78.     At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

79.     The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

80.     On or about August 22, 2011, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

81.     Again, during the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff relative to a legal matter.

82.     Again, during the course of the aforesaid voicemail message, Defendant stated that it was calling Plaintiff relative to Plaintiff's social security number.

83.     During the course of the aforesaid voicemail message, Defendant's duly authorized representative stated that she was calling from the office of Robert James and Associates.

9

84.    Defendant then, again, provided Plaintiff with a putative case number.

85.    At no time during the course of the aforesaid voicemail message did Defendant advise Plaintiff that it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

86.    At no time during the course of the aforesaid voicemail message did Defendant's duly authorized representative advise Plaintiff that she was not an attorney.

87.    Upon information and belief, the individual that made the statements on behalf of Defendant, as delineated above, is not an attorney.

88.    Defendant's representations that it was calling in relation to a legal matter were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations Defendant had neither the power nor legal authority to file a lawsuit against Plaintiff.

89.    Defendant's representations that it was calling in relation to a legal matter were false, deceptive and/or misleading given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff relative to the debt on which it was attempting to collect.

90.    Defendant's representations that it was calling in relation to a legal matter misrepresented the character, nature and/or legal status of the debt on which it was attempting to collect given that at the time Defendant made the aforesaid representations no lawsuit had been filed against Plaintiff relative to the debt on which it was attempting to collect.

91.    Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the

10

consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

92.    In its attempts to collect the debt allegedly owed by Plaintiff to Cash Net, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

    b.  Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    c.  Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    d.  Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    e.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    f.  Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    g.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    h.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    i.  Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

11

j.   Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

k.   Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

l.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

m.   Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

n.   Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

o.   Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1);

p.   Failed to comply with the provisions of 15 U.S.C. §1692g(a);

q.   Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b); and,

r.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

93.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

94.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BARBARA STIEFERMAN, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**BARBARA STIEFERMAN**

By: _____s/ Joan M. Landmann_____
Attorney for Plaintiff

Dated: October 4, 2011

Joan M. Landmann (Bar # 57461)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 4000
Chicago, IL 60601
Telephone:    (314) 667-4382
Facsimile:    (888) 418-1277
E-Mail:       jlandmann@smithlaw.us

13